UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: HENRY L. KLEIN LITIGATION**

| | |
|---|---|
| Henry L. Klein v. American Land Title Association, et al.,<br>    D. District of Columbia, C.A. No. 1:12-01061<br>Henry L. Klein v. Fidelity National Title Group, Inc.,<br>    M.D. Florida, C.A. No. 3:12-01177 | MDL No. 2423 |

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff Henry L. Klein, who is proceeding *pro se*, moves to centralize this litigation in the District of District of Columbia. The motion encompasses two actions, one pending in that district and the other pending in the Middle District of Florida. Fidelity National Title Group, Inc. (Fidelity National), which is a defendant in both actions, opposes centralization.

After considering all argument of counsel,[1] we will deny the motion for centralization. As the seventh paragraph in the complaint in the second-filed Middle District of Florida action makes clear, that action was filed for the sole (and, in our view, improper) purpose of effecting the creation of an MDL in the District of District of Columbia, and thus circumventing a possible unfavorable decision on a motion to dismiss for lack of personal jurisdiction filed by Fidelity National in the first-filed District of District of Columbia action: "As a consequence of the claim by Fidelity National that the District of Columbia Court has no personal jurisdiction as to Fidelity National, this Complaint is filed with the view of seeking an order from the [Panel], transferring this case to the District of Columbia for consolidation with Klein v. Alta . . . ." In similar situations, we have denied centralization, and we see no basis for reaching a different result here. *See, e.g., In re Highway Accident Near Rockville, Conn., on Dec. 30, 1972*, 388 F. Supp. 574, 576 (J.P.M.L. 1975) (denying common plaintiff's Section 1407 motion for centralization, where the motion appeared "not motivated by a desire to achieve the purposes for which Section 1407 was designed, but rather, by a desire to circumvent obstacles of personal jurisdiction which necessitated her institution of two separate actions").

Even apart from the issue of improper motive, we are unpersuaded that centralization is warranted. There are only two actions in this docket, and they both appear primarily to involve legal

---

[*] Judge John G. Heyburn II and Judge Charles R. Breyer took no part in the decision of this matter.

[1] Klein is an attorney based in New Orleans, Louisiana.

- 2 -

issues concerning certain allegedly standard language found in form title insurance policies.  To the extent, if any, that common factual issues are in dispute, there is no indication that the actions will require substantial discovery or that centralization would produce significant efficiencies.  Available alternatives to an MDL may minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Paul G. Barbadoro
Marjorie O. Rendell           Lewis A. Kaplan